1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2  PAMELA T. JOHANN (CABN 145558)
   Chief, Civil Division
3  ANDREW MAINARDI (NYBN 5431697)
   Assistant United States Attorney
4

5     1301 Clay Street, Suite 340S
      Oakland, CA 94612
6     Telephone: (510) 788-3509
      Facsimile: (510) 637-3724
7     E-mail: andrew.mainardi@usdoj.gov

8  Attorneys for Defendant

9
   MARK L. JAVITCH, ESQ (CABN 323729)
10 JAVITCH LAW OFFICE

11    3 East 3rd Ave., Ste. 200
      San Mateo, CA 94401
12    Telephone: (650) 781-8000
      Facsimile: (650) 648-0705
13    E-mail: mark@javitchlawoffice.com

14
   Attorney for Plaintiff
15                              UNITED STATES DISTRICT COURT

16                            NORTHERN DISTRICT OF CALIFORNIA

17                                      OAKLAND DIVISION

18 JEWISH LEGAL NEWS, INC,              )  CASE NO. 4:24-cv-07565-HSG
                                        )
19        Plaintiff,                    )  **JOINT INITIAL CASE MANAGEMENT
                                        )  STATEMENT; [PROPOSED] ORDER**
20    v.                                )
                                        )  **Current Case Management Conference:**
21 FEDERAL AVIATION ADMINISTRATION,     )  **Date/Time: Tuesday, March 25, 2025 at 2:00 p.m.**
                                        )  **Judge: Haywood S. Gilliam, Jr.**
22        Defendant.                    )
                                        )
23                                      )
                                        )
24

25        The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT

26 STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and

27 Civil Local Rule 16-9:

28

JOINT INITIAL CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER
4:24-cv-07565-HSG                                  1

**1. Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

**2. Facts**

This case pertains to a FOIA request submitted by Jewish Legal News Inc., to United States Federal Aviation Administration ("FAA" or "Defendant") on September 16, 2024. *See* Plaintiff's Complaint, Dkt. No. 1 ¶ 46. The request sought documents reflecting any instruction by the FAA to suspend or discourage flights to Israel; correspondence between the FAA and U.S. based airlines about the safety of flying into Israel in the past 12 months, and; correspondence between the FAA and the International Civil Aviation Organization about flights into Israel in the past twelve months. *Id*. The FAA acknowledged receipt of Plaintiff's FOIA request on September 21, 2024. *Id*. ¶ 48.

The undersigned counsels conferred regarding the scope of Plaintiff's FOIA request. The FAA began producing documents in January 2025 and document production is ongoing as of the date of this Joint Case Management Statement.

**3. Legal Issues**

Although production is ongoing, the parties believe the Court may be called upon to resolve the following legal issues: (1) whether Defendant FAA has responded adequately to Plaintiff's FOIA request, (2) whether Defendant improperly withheld materials based on claimed FOIA exemptions, *see* 5 U.S.C. §§ 552(b)(1)-(9), and (3) whether and in what amount Plaintiff is entitled to an award of attorneys' fees and other litigation costs, *see id.* § 552(a)(4)(E)(i).

The parties will attempt to resolve any future legal issues in good faith. The parties may nonetheless call on the Court to resolve these issues should they arise.

**4. Motions**

There are no prior or pending motions. Although production of responsive documents is pending, to the extent that informal discussions between the parties after production do not resolve the entire case, the parties anticipate that this matter can be resolved on cross-motions for summary

judgment. At this time, the parties submit that scheduling any such motion is premature. The parties are working in good faith to resolve the claims and issues in this action as they arise.

**5. Amendments to the Pleadings**

The parties do not currently plan on amending their pleadings to add or dismiss any claims or defenses.

**6. Evidence Preservation**

Defendant FAA acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7. Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which no such exchange of information is needed.

**8. Discovery**

To date, no discovery has been taken by any party, and the parties agree that discovery is not appropriate in this case. Defendant FAA notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Lawyers' Comm. for Civil Rights v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1130 (N.D. Cal. 2008).

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

The parties are unaware of any related cases.

**11. Relief Sought**

Plaintiff seeks declaratory and injunctive relief with respect to the documents responsive to its FOIA request. Plaintiff's prayer for relief asks this Court to (1) Declare that Defendant FAA has violated FOIA in their failure to respond to Plaintiff's FOIA request; (2) Order Defendant to

immediately disclose the requested records to Plaintiff and enjoin Defendant from continuing to withhold the requested records; (3) Order Defendant to immediately disclose any responsive records in its possession or control to Plaintiff; (4) award Plaintiff reasonable costs and attorneys' fees; and (5) Grant such other relief as the Court may deem just and proper.

Defendant FAA denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12. Settlement and ADR**

The parties believe that settlement conversations are premature at this time. The parties have met and conferred regarding the scope of Plaintiff's FOIA request and will continue to do so as necessary with the goal of informally resolving any disputes that arise between the parties. The parties will confer as to costs and fees when Defendant FAA's production of documents is complete.

**13. Consent to Magistrate for All Purposes**

The parties have consented to a magistrate for all purposes. *See* Dkt. Nos. 7, 12.

**14. Other References**

None.

**15. Narrowing of Issues**

The parties will meet and confer to explore narrowing issues regarding production in this case as needed.

**16. Expedited Schedule**

The parties agree that this procedure is not applicable.

**17. Scheduling**

The parties are working in good faith to resolve the claims and issues in this action. The parties respectfully submit that full scheduling of this case, including discovery, motion practice and trial, is not feasible at this time as record production is ongoing. To the extent any issues remain after document production is complete and after the meet and confer process is exhausted, the parties anticipate that this matter can ultimately be resolved on summary judgment. The parties will apprise the Court of the status of document production in the next, updated Joint Case Management Statement.

//

**18. Trial**

The parties anticipate that this entire case will be resolved through the meet and confer process or on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff does not have any non-party interested entities or persons to disclose.

Defendant FAA is exempt from this requirement as federal government entities.

**20. Professional Conduct**

Both parties' counsels have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

As the Parties are in agreement on all material terms of this Initial Joint Case Management Statement, THE PARTIES HEREBY STIPULATE AND REQUEST, pursuant to Civil Local Rule 6-1(b), that the Initial Case Management Conference, currently scheduled for March 25, 2025 be continued to June 24, 2025, or to a day and time that is suitable to the Court.

DATED: March 18, 2025                               Respectfully submitted,

JAVITCH LAW OFFICE                                  PATRICK D. ROBBINS
                                                    Acting United States Attorney

/s/ Mark L. Javitch                                 /s/ Andrew Mainardi[1]
MARK L. JAVITCH, ESQ.                               BY: ANDREW MAINARDI
                                                    Assistant United States Attorney
Attorney for Plaintiff                              Attorneys for Defendant

---

[1] *In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

[PROPOSED] ORDER

The above STIPULATION is approved as the CASE MANAGEMENT ORDER and all parties shall comply with its provisions.

Furthermore, the parties' STIPULATED REQUEST TO CONTINUE THE CASE MANAGEMENT CONFERENCE is approved for this case and all parties shall comply with its provisions as follows: the Initial Case Management Conference, currently set for March 25, 2025, is hereby continued to _____ at _____ a.m./p.m., and the due date for an Updated Joint Case Management Statement is set to _____ .

IT IS SO ORDERED.

Dated:                                              _____

                                                    Hon. Haywood S. Gilliam, Jr.